IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NATIONAL UNION OF HOSPITAL AND
HEALTH CARE EMPLOYEES DISTRICT
#1199 NEW MEXICO, AFL-CIO, CLC,

      Plaintiff,                                                               No. CIV 05-1002 MV/LFG

vs.

TAOS HEALTH SYSTEMS, INC., a
domestic non-profit corporation,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment, filed December 30, 2005, **[Doc. No. 11]**, and Defendant's Motion to Stay Proceeding Pending Arbitration, filed January 6, 2006, **[Doc. No. 13]**. The Court, having considered the motions, briefs, relevant law and being otherwise fully informed, finds that the motion for summary judgment will be granted and the motion to stay will be denied.

## BACKGROUND

This is an action brought under 29 U.S.C. § 185(a) to enforce an arbitration award under a Collective Bargaining Agreement ("CBA") between Plaintiff National Union of Hospital and Health Care Employees, District #1199NM, AFL-CIO, CLC ("Union") and Defendant Taos Health Systems ("Hospital" or "Holy Cross Hospital"). Over Memorial Day weekend of 2004, Mary Conant, a nurse in the labor and delivery unit of Holy Cross Hospital, was assigned to monitor a fetus that subsequently died during childbirth. The Hospital alleged that the fetal demise was a result of patient care failures by Conant, including Conant's failure to notify the

attending physician when the fetal heart strip indicated fetal distress. As a result of this incident, the Hospital requested that Conant transfer to the medical surgical unit. When Conant refused to transfer from labor and delivery, she was terminated.

Conant, as a member of the Union, was covered by the CBA entered into by the Union and the Hospital. Under the CBA, the Union and the Hospital agreed to submit all disputes not resolved through the grievance procedure to binding arbitration. The Union grieved Conant's termination and, when the dispute was not resolved through the grievance procedure, the parties submitted the matter to a duly selected arbitrator. The issue presented to the arbitrator for resolution was "Did the Hospital properly terminate Grievant? If not, what is the proper remedy?"

After holding a hearing, the arbitrator concluded that the Hospital did not have just cause under the CBA to discipline Conant because the Hospital's investigation of the fetal demise incident, which the arbitrator characterized as a "kangaroo court" and a "hanging," was inadequate and unfair and did not afford Conant due process. As a remedy, the arbitrator ordered that Conant "be reinstated to her former job in Labor and Delivery at the appropriate rate of pay and seniority under the Agreement."

Following issuance of the arbitrator's award, Jim Arkens, the Hospital's Human Resources Director, sent Conant a letter that stated in part:

> The arbitration decision requires that you be reinstated to the Labor and Delivery
> unit of Holy Cross Hospital as a nurse. This is to offer you reinstatement to the
> Labor and Delivery unit . . . . If you accept the reinstatement offer, Holy Cross
> Hospital will meet with you and your Union representative to discuss a transfer to
> another unit in accordance with Article 8 of the Collective Bargaining Agreement.
> During this meeting, Holy Cross Hospital will propose to transfer you to another
> unit due to the heightened legal standards applied to health care organizations, the

>duty to protect the public from harm, the duty to provide competent patient care and other issues involving malpractice insurance coverage.  We are providing this information at this time to you so that you can make the best decision possible about reinstatement during the thirty day time period required by the arbitrator's decision for you to decide if you will accept reinstatement.

On July 27, 2005, Conant informed Arkens that she intended to resume her employment in labor and delivery at Holy Cross Hospital.  Arkens requested that Conant report to labor and delivery on August 1, 2005.  When Conant reported to labor and delivery on August 1, 2005,[1] she was presented a letter from Arkens that stated, in part:

>You are being reinstated to the Labor and Delivery unit today . . . . Holy  Cross Hospital is meeting with you and your Union representative to discuss a transfer to another unit in accordance with Article 8 and Article 20 of the Collective Bargaining Agreement.  During this meeting, Holy Cross Hospital will propose to transfer you to another unit due to the heightened legal standards applied to health care organizations, the duty to protect the public from harm, the duty to provide competent patient care and other issues involving malpractice insurance coverage.  We are providing you with a list of hospital job position openings so you can review it and determine where you would like to transfer.  At no time during your employment with Holy Cross Hospital will you be allowed to transfer back to the Labor and Delivery Unit due to the serious issues Holy Cross Hospital faces related to standard of care and as outlined in the July 1, 2005 memorandum.

Conant was presented with a list of openings in other divisions at the Hospital and told to select one.  Conant indicated that while she had accepted the reinstatement, she could not begin work that day, in part, because she had not resigned from her other job.  She requested additional time until August 5, 2005.[2]  Conant never contacted the Hospital again.

---

[1] The parties dispute the reason Conant reported to the Hospital on August 1, 2005, with Conant maintaining she went to the Hospital on that date solely to attend the meeting regarding her proposed transfer and the Hospital asserting that Conant was scheduled to return to work that day.  Resolution of this dispute, however, is not relevant to the determination of whether the Hospital's proposed reinstatement and immediate transfer complies with the arbitrator's award.

[2] It is unclear from the evidence before the Court why Conant requested additional time.  The notes from the meeting suggest that she requested this additional time to consider the

On August 24, 2005, the Union filed this action to enforce the arbitration award contending that the Hospital, by seeking to immediately transfer Conant from labor and delivery, did not reinstate Conant as required by the arbitration award. The Union now seeks summary judgment requiring the reinstatement of Conant to labor and delivery in accordance with the arbitrator's award while the Hospital seeks to stay this matter pending arbitration on the proposed transfer.

## **LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Jones v. Kodak Medical Assistance Plan*, 169 F.3d 1287, 1290 (10th Cir. 1999). Under Rule 56(c), "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Rather, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Shapolia v. Los Alamos Nat'l Lab.*, 992 F.2d 1033, 1036 (10th Cir. 1993). There is no requirement that the moving party negate the nonmovant's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party meets its burden, the

---

proposed transfer while the Hospital's counsel subsequently stated in a letter that she "requested and was provided with additional time to consider the reinstatement."

nonmoving party must show that genuine issues remain for trial "as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l Inc. v. First Affiliated Secs., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1991) (citations omitted). Rather than "merely show there is some metaphysical doubt as to the material facts," the nonmoving party is required to "go beyond the pleadings and, by affidavits or depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial." *Kaus v. Standard Ins. Co.*, 985 F. Supp 1277, 1281 (D. Kan. 1997), *aff'd*, 162 F.3d 1173 (10th Cir. 1998). There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *See Anderson*, 477 U.S. at 248. Upon a motion for summary judgment, the Court "must view the facts in the light most favorable to the nonmovant and allow the nonmovant the benefit of all reasonable inferences to be drawn from the evidence." *Kaus*, 985 F. Supp at 1281.

## DISCUSSION

The parties agree that the arbitrator unambiguously ordered that Conant be reinstated to her previous position in labor and delivery. The only question before the Court is whether the Hospital's proposal to reinstate Conant in labor and delivery and then immediately transfer her to another unit complies with the arbitrator's award. The Hospital contends that its decision to transfer Conant is a subsequent employment decision that must be submitted to a separate grievance and arbitration process. The Union contends, however, that reinstating and then immediately transferring Conant based on the same facts the arbitrator considered when ordering her reinstated is a violation of the arbitrator's award.

5

### A. The proposed transfer is not a subsequent employment decision that must be submitted to a separate grievance and arbitration process.

The Hospital is correct that subsequent employment decisions are ordinarily evaluated independently of a reinstatement order. Once an employee is reinstated, she is in the same position as any other employee and any future employment action that is independent of the reinstatement is a separate issue subject to arbitration as provided by the collective bargaining agreement. *See Staffman's Organizing Committee v. United Steelworkers of America, AFL-CIO*, 399 F.Supp. 102, 104 (W.D. Mich. 1975) (if the reinstatement and transfer are separate and independent transactions, the plaintiff must exhaust contractual grievance procedures); *Hellman v. Program Printing, Inc.*, 400 F.Supp. 915, 918 (S.D.N.Y. 1975 )(finding subsequent layoff of reinstated employee on other grounds to be new dispute requiring separate grievance); *Detroit and Midwestern States Joint Board v. White Tower Laundry and Cleaners*, 353 F.Supp. 168, 170 (E.D. Mich. 1973) (finding subsequent transfer of reinstated employee on other grounds to be separate grievable event).

If, however, the reinstatement and subsequent employment action are not separate and independent transactions, the subsequent employment action is properly considered as affecting the validity of the reinstatement and no further exhaustion of contractual remedies is required. *See Aluminum Workers Int'l Union v. Chromalloy American Corp.*, 489 F.Supp. 536, 543 (N.D. Miss. 1980) (employee who was reinstated and simultaneously terminated on other grounds known to employer during arbitration process but not raised during the arbitration did not need to file separate grievance for the second termination because the reinstatement and second termination were inextricably intertwined).

The facts of this case are similar to those in *Staffman's*. In *Staffman's* an employer

simultaneously reinstated and transferred an employee. The union brought suit in federal court arguing that the transfer violated the order of reinstatement. The employer argued that the matter was not properly before the court because the employee had failed to submit for arbitration the validity of the transfer pursuant to the collective bargaining agreement. The court found that the reinstatement and the transfer were not independent, in part, because the arbitrator was aware of the proposed transfer, and thus implicitly rejected it, when he fashioned his award requiring reinstatement:

> Arbitrator Gibson was fully aware that [grievant] was faced with the threat of transfer, as well as discharge, at the time of his termination. The proposed transfer was a possible alternative sanction for the alleged misconduct of [grievant], but the arbitrator found that the employer had no just cause for disciplining him at all. Clearly, when the arbitrator ordered that [grievant] be reinstated to his former position with all rights and benefits, he intended nothing less than that [grievant] be returned to his former job, in his former location.

*Staffman's Organizing Committee*, 399 F.Supp. at 106.

In this case, like *Staffman's*, Conant's reinstatement and transfer are inextricably intertwined. The essence of the dispute before the arbitrator was whether Conant could continue her employment in the labor and delivery unit. The question of whether Conant should be transferred due to the fetal demise incident, which was raised in the arbitration by the Hospital, was intertwined with the question of whether she could continue her employment in the labor and delivery unit and was necessarily considered by the arbitrator when he ordered reinstatement to the labor and delivery unit. The fact that the reinstatement and transfer are intertwined rather than independent events brings both events within the purview of the Court and no further exhaustion of contract remedies is required.

The conclusion that no further exhaustion of contract remedies is required is buttressed by

the fact that the Hospital's proposed transfer of Conant to another unit is based on the same fetal demise incident the arbitrator rejected as not providing just cause for Conant's termination. It is contrary to the intent and purpose of arbitration to require an employee to file serial grievances on discipline imposed for the same incident. As noted by one court:

> There would be a tremendous chilling effect on employee grievants if they knew that, after laboring for over three years to exhaust their contractual grievance procedures, culminating in arbitration, they could be transferred (if they prevailed) to the farthest regions of their district and would have no recourse but to begin the task anew. These procedures contracted for by the parties were never intended to force a grievant into the role of a modern day Sisyphus. The courts, mindful of their proper place in the legislative scheme, should avoid requiring such futile and unnecessary exercises.

*Staffman's Organizing Committee,* 399 F.Supp. at 106.

**B.     The proposed transfer is contrary to the arbitration award.**

The proposed transfer violates the arbitration award reinstating Conant to her former position in labor and delivery. The arbitrator was clearly aware of the possibility of transferring Conant to another unit as a possible remedy for Conant's role in the fetal demise incident. *See* Arbitration Award at 3 ("Grievant's failure during the fetal demise of Baby Isaiah support the decision to transfer and then terminate her employment under the seven steps of just cause dismissal.") (quoting from Hospital's arbitration brief); at 8 ("Grievant was not fired at first. She was given the option of transferring to the medical surgical unit.") (quoting from Hospital's arbitration brief); at 9 ("Grievant's proposed disciplinary action was a transfer, which she refused . . . Grievant in her testimony during the arbitration still refused to be transferred in lieu of termination.")(quoting from Hospital's arbitration brief). In ordering Conant reinstated to her former position in labor and delivery, the arbitrator considered, and rejected, a transfer to another unit as an alternative remedy for the alleged misconduct of Conant. The Hospital's proposal to

8

reinstate Conant to labor and delivery and then immediately transfer her to another unit based on the same facts that the arbitrator considered when ordering her reinstated to labor and delivery is an improper attempt to nullify the arbitrator's award and must be rejected.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgment, filed December 30, 2005, **[Doc. No. 11]** is **GRANTED**. The June 10, 2005 arbitration award is hereby confirmed and Defendant Taos Health Systems is ordered to reinstate Mary Conant to her former position in labor and delivery in accordance with the arbitration award.

**IT IS FURTHER ORDERED** that Defendants' Motion to Stay Proceeding Pending Arbitration, filed January 6, 2006, **[Doc. No. 13]**, is **DENIED**.

Dated this 9th day of June, 2006.

_____
MARTHA VÁZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:
  Shane C. Youtz, Esq.
  Stephen Curtice, Esq.

Attorney for Defendant:
  Michele Masiowski, Esq.
  Dianne Garrity, Esq.